[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision on Plaintiffs' Motions to Set Aside the Verdict
In Black, Inc. vs. Jonathan Cotton, the jury found for the defendant on the complaint and on the counterclaim. In RobertWalsh vs. Photolab, Inc. and Joseph Ramondetta, the jury found for the defendants. All verdicts were accepted on July 22, 1998. On August 3, 1998, plaintiffs filed a motion to set aside all verdicts. Opposition memoranda were then filed by all defendants. The parties have all requested that the court "take the papers" and render a decision without oral argument.
Plaintiffs' motion is based upon two grounds; that the court CT Page 10884 refused to allow the jury to see tax returns of the defendant, Photolab, Inc.; and that the court allowed the testimony of Joseph J. Ramondetta and Jonathan Cotton on issues to which they had already testified at the beginning of the trial which was subsequently interrupted due to the illness of the court.
The court reaffirms its rulings. The subject tax returns as presented were irrelevant to the issue of plaintiffs' damages; further, the jury did not have to reach the issue of damages because it had already found against the plaintiffs on liability.
As to the other claim, defendants Ramondetta and Cotton were initially called as witnesses for the plaintiffs in their case in chief. That did not preclude defendants being called as witnesses in their case in chief. Additionally, there was and is no evidence to justify a suspicion that a juror or jurors were influenced by prejudice, corruption or partiality. See Novak v.Scalese, 43 Conn. App. 94 (1996).
Based upon the totality of the evidence as well as the responses to the interrogatories by the jury, the court finds that the jury could reasonably and legally have reached the conclusions it did. Childs v. Bainer, 235 Conn. 107 (1995);Suarez v. Sordo, 43 Conn. App. 756 (1996); John T. Brady Co. v.Stamford, 220 Conn. 432 (1991).
Accordingly, the motion(s) to set aside the verdicts is denied.
Rittenband, J.